IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Ramon Martinez and Theresa Martinez, | ) | C.A. No.  7:23-3953-HMH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Truist Bank; Five Star Bank; Bell & Williams Associates, Inc.; and National Asset Recovery, Inc, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Bell & Williams Associates, Inc.'s ("B&W") motion to set aside entry of default. (Mot. Set Aside, ECF No. 23.) Plaintiffs have filed a response in opposition. (Resp. Opp'n, ECF No. 25.) This matter is ripe for consideration.

Federal Rule of Civil Procedure 55(c) states, "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c).

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [nonmoving] party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

<u>Payne ex rel. Estate of Calzada v. Brake</u>, 439 F.3d 198, 204-05 (4th Cir. 2006).

Based on the facts and factors set forth above, the court finds that B&W has demonstrated good cause. First, B&W has established the existence of a meritorious defense. (Mot. Set Aside 3-4, ECF No. 23.) Second, there is no evidence of previous dilatory action on B&W's behalf, absent failing to answer Plaintiffs' summons and complaint. Third, there are far less drastic sanctions available. See <u>Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.</u>,

1

616 F.3d 413, 418 (4th Cir. 2010) (suggesting that a motion for an award of attorney's fees and costs to a plaintiff in opposing a motion to set aside an entry of default or default judgment could be appropriate). Fourth, B&W acted with reasonable promptness by moving to set aside the entry of default eleven days after it was entered on September 15, 2023. See Miller v. Experian Info. Sols., Inc., No. 7:22-01961-HMH, 2022 WL 3909283, at *2 (D.S.C. Aug. 31, 2022) (unpublished); Burton v. The TJX Companies, Inc., No. 3:07-CV-760, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008) (unpublished) ("District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside.").

To be sure, there is some evidence that B&W was personally responsible for the default. As reflected in William Moriarty's declaration, B&W was aware of this litigation but believed, without receiving specific confirmation, that Truist Bank would be representing its interests. (Mot. Set Aside Ex. 1 (Moriarty Decl. ¶ 7), ECF No. 23-1.) However, there is no evidence that Plaintiffs will be prejudiced if the entry of default is set aside. Colleton Preparatory Acad., Inc., 616 F.3d at 418 ("[D]elay in and of itself does not constitute prejudice to the opposing party."). In sum, setting aside the entry of default is warranted based on the record before the court. However, as requested by Plaintiffs, the court will consider an award of reasonable attorney's fees and costs to Plaintiffs for time spent obtaining the entry of default and responding to B&W's motion to set aside default. (Resp. Opp'n Ex. 1 (Pls.' Decl. ¶ 14), ECF No. 25-1.)

Therefore, it is

**ORDERED** that B&W's motion to set aside entry of default, docket number 23, is granted. B&W shall have ten (10) days from the date of this order to file a responsive pleading to Plaintiff's complaint. It is further

2

**ORDERED** that Plaintiffs file any request for reasonable attorney's fees and costs associated with obtaining the entry of default and responding to B&W's motion to set aside default within ten (10) days of the date of this order.

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
October 16, 2023